BROWN, Chief Judge.
| ] Defend ant, Deangilo L. White, was charged with second degree murder. Following a jury trial, he was convicted of the responsive verdict of manslaughter. He was sentenced to 40 years at hard labor, the maximum for manslaughter. He appeals this sentence as being excessive. We affirm.

Facts

At approximately 8:00 p.m. on June 11, 2009, Arnita Lewis returned to her Cedar Grove home after picking up her 25-year-old daughter, Awaii Lewis, from work. Shortly after their arrival, the women saw the 19-year-old defendant and his two brothers standing in the street engaged in a fistfight with Kevin Powell. Apparently Powell got the best of the three White brothers. When the brawl ended, Powell withdrew to the carport of neighbor Jackie Bright’s house. The White brothers then grabbed a golf club and plastic chair and re-initiated the fight. Again Powell bested the brothers. When the fighting ceased for the second time, the White brothers began to leave and an exhausted Powell walked into the carport. Moments later, defendant obtained a handgun and fired at least two rounds that struck Powell. Arni-ta and Awaii Lewis testified that defendant fired five shots; however, the police only found two shell casings. They explained that it was dark and these casings were small and others could have been lost in the grass. The White brothers fled the scene, and Awaii stayed with Powell until the paramedics arrived. Powell, who was 22 years old, was taken to the hospital, where he died. Two days later, Arnita spoke with defendant on the phone. Arni-ta claimed that Deangilo “was upset and crying, and his words to me [Arnita] was he didn’t mean to do it.... He didn’t meant to shoot Kevin Powell.”
*281 1 ¡¿Following a jury trial, Deangilo White was convicted of the responsive verdict of manslaughter.[1] At sentencing, Miranda Powell, sister of the victim, Kevin Powell, spoke on behalf of the family. Miranda testified that Powell left behind a mother, four sisters, a wife, and two children, who were two years old and two months old at the time of his death. Powell worked two jobs and was the sole financial provider for his immediate family; he also contributed to support his mother and sisters.
The defense did not present any witnesses, but asked the trial court to note that defendant was a first felony offender and that he received Social Security benefits for a learning disability.
The trial court stated that it reviewed the sentencing guidelines and found “the relevant factors under 894.1 to be applicable under three, nine, 10, 18, 19, as well as a few others.” The court then provided a brief summary of the case. Specifically, the court noted that defendant and his two brothers fought the victim, hitting him with a chair and a golf club. When the fighting ceased, defendant armed himself with a gun and fired “five rounds” at the victim. The court believed that the facts supported a second degree murder conviction. The trial court sentenced defendant to 40 years at hard labor with credit for time served.
The defense filed a motion to reconsider sentence, which was denied, and this appeal ensued.

Discussion

| ..¡According to the defense, the trial court failed to give consideration to numerous mitigating factors prior to imposing the maximum sentence. Particularly, the defense claims that defendant had no criminal history and would respond positively to a shorter period of incarceration. Further, the defense asserts that the responsive verdict of manslaughter indicates that the jury found that defendant acted under strong emotional provocation. The defense contends that the maximum sentence was predicated on the trial court’s belief that defendant should have been found guilty of second degree murder. The defense believes that the maximum sentence for this offender shocks the sense of justice and is constitutionally excessive.
La. Const. Art. 1, § 20 prohibits cruel, excessive, and unusual punishment. This proscription not only prohibits barbaric punishment but also sentences that are disproportionate to the offense committed. An excessive sentence is one that is grossly disproportionate to the offense committed. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). Absent specific authority, it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7. In view of the substantial deference that must be accorded legislatures and sentencing courts, a reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate.
A court’s proportionality analysis should be guided by the gravity of the offense and culpability of the offender. In the case sub judice, an innocent 22-year-old man was shot to death. The victim worked and | ¿supported his wife, two children, mother and sisters. The victim’s family has been severely impacted by his death.
*282 In considering the nature of the offense, both the trial court and the reviewing court may assess whether the crime for which defendant has been convicted adequately describes his conduct when the conviction is for a lesser included responsive offense to the crime charged. The fact that the evidence might have supported a verdict of second degree murder is an appropriate sentencing consideration in a case such as this one in which the defendant has been convicted of the lesser offense of manslaughter. State v. Harris, 11-626 (La.App. 5th Cir. 11/27/12), 105 So.3d 914.
An examination of the facts in this case demonstrates that this was a second degree murder case in which defendant ben-efitted greatly from the lesser verdict of manslaughter. Three brothers fought a lone man and used as weapons a golf club and a chair. When the fight ended, Powell who was wearing only basketball shorts walked away, but defendant got a pistol and shot Powell. Intentionally pointing and firing a gun at close range supports a specific intent by defendant to kill the unarmed and defenseless victim.
As to the mitigating factors, it is noted that the defense presented no evidence or testimony on behalf of defendant. Instead, defense counsel merely asked the trial court to recognize that defendant was a first felony offender and had a learning disability. The trial court acknowledged this, as well as defendant’s age at the time of the crime. The trial court articulated a factual basis for the sentence imposed and sufficiently complied with La. C. Cr. P. art. 894.1.
| ¡/Therefore, based upon the record and the totality of the circumstances of this case, as well as the fact that defendant greatly benefitted from the jury’s conviction on the responsive verdict of manslaughter, the sentence imposed is neither grossly disproportionate to the severity of the offense of conviction, nor is it shocking to the sense of justice.

Conclusion

For the foregoing reasons, defendant’s conviction and sentence are affirmed.
CARAWAY, J., dissents with written reasons.

. Jackie Bright also witnessed the shooting and testified before the grand jury. Prior to trial she suffered two strokes. She did testify at trial but her memory had to be refreshed with her Grand Jury testimony.