DREW, J.
|, Anthony Ross pled guilty to the manslaughter of Landarrius Long and was sentenced to serve 40 years at hard labor, with credit for time served. He now challenges his sentence as excessive. We affirm.
FACTS
Ross was indicted for second degree murder (La. R.S. 14:30.1) for a killing he committed when he was 17 years old. The state allowed him to plead to the responsive verdict of manslaughter, La. R.S. 14:31, with no sentencing agreement.
The defendant finished the tenth grade and can read, write, and speak English. He does not suffer any mental or physical impairments. At the time he fired the weapon, he was not under the influence of alcohol, drugs, or medications.
At the guilty plea, the trial court emphasized that there was no agreement' or promise as to sentencing and that it would consider a PSI report and the sentencing guidelines prior to determining an appropriate sentence.
The defendant confirmed that he was pleading guilty of his own free will, because he was, in fact, guilty. The trial court explained all applicable rights to the defendant.
The state recited, and the defendant confirmed, the factual basis for the plea:
• on July 2, 2011, he was at a party at the Monroe Civic Center;
• he and a group left and went to the victim’s neighborhood;
• arguments ensued; and
[,• he shot multiple .times through a gate into a crowd of people.
The trial court stated that it had reviewed the PSI report, the sentencing guidelines, submissions from the victim’s family, the defendant’s social history, and the defendant’s lack of: an adult or .juvenile criminal history, and noted that investigators believed this to be a gang fight.
The trial court found that:
• the defendant enjoyed leniency from the plea offer, which allowed him to plead guilty to manslaughter instead of second degree murder;
• he demonstrated specific intent to kill or inflict great bodily harm by firing a weapon multiple times into a crowd;
• these facts provided a strong case for murder, which carries a life sentence;
• this was a senseless killing;
• the defendant was trying to impress his gang; and
• yet, the defendant had previously led a fairly crime-free life.
Review of the defendant’s s.ocial history shows he has three siblings. He was expelled from high school for a gang fight. He has worked at McDonald’s and as a janitor. He is not married, has no children, owns no property, and has no debt. The defendant confirmed his membership in the “UGS” gang and admitted using *1037 marijuana and occasionally drinking alcohol. Text messages indicate the incident was a fight between two rival gangs, the UGS and the South Third. ,
laThe trial court considered mitigating[1] and aggravating factors.[2]
The court found that:
• there was an undue risk that the defendant would commit another violent crime during a suspended sentence or probation;
• the defendant was an extreme threat to the community;
• the defendant was in need of institutionalized correctional treatment; and
• any lesser sentence would deprecate the seriousness of the crime.
The trial court found that the evidence supported the charge of second degree murder, which could have carried a life sentence, perhaps without the possibility of parole. The court found that this plea bargain bestowed leniency upon the defendant, as the crime of manslaughter carries a maximum sentence of 40 years with the possibility of parole. The trial court found that the maximum sentence of 40 years at hard labor was the only appropriate sentence.
The defendant filed a motion to, reconsider sentence in which he argued his-sentence was constitutionally excessive.
DISCUSSION
On appeal, the defendant asserts that the maximum sentence was excessive -and not particularized to this offender and this offense, because:
• he never intended for the shooting to happen; ■ ' : i;
k* he has expressed remorse and accepted responsibility for his actions;
• he was a teenager with little prior criminal history; and
• mitigating circumstances support a less harsh sentence.
The state responds .that:
• the evidence supported the charge of second degree murder;
• this guilty plea did not adequately describe his conduct;
• the trial court did not abuse its discretion in imposing this sentence;
• the defendant created a risk of death or great bodily harm to multiple people by firing a gun into a large crowd;
• this violence involved the use of a dangerous weapon; and
• a life was lost because of what the defendant did.
The penalty for second degree murder, under La. R.S. 14:30.1, is life imprisonment at, hard labor without benefit of parole, probation, or suspension of sentence. The penalty for manslaughter, under La. R.S. 14:31, is imprisonment at hard labor for not more than'40 years.
Our law on the appellate review of sentences is well settled.[3] ■ ■
*1038 l/TIie trial court ■ may consider whether the offense of conviction adequately describes his conduct when the conviction is for a responsive offense to the crime charged, such as a conviction for manslaughter when the evidence supports the charge of second degree murder. See State v. White, 48,788 (La.App.2d Cir.2/26/14), 136 So.3d 280, writ denied, 2014-0603 (La.10/24/14), 161 So.3d 699. “A court’s proportionality analysis should be guided by the gravity of the offense and culpability of the offender.” White, supra at 281. In White, supra, a 19-year-old first offender was charged with second degree murder but convicted of manslaughter and sentenced to the maximum of 40 years at hard labor. The victim, after fist-fighting with the defendant and two others twice, had walked away when the defendant reappeared with a gun and shot the unarmed victim at close range. Id. This court concluded that the case was one of second degree murder and the defendant benefitted greatly from the lesser verdict of manslaughter. Id. Based on the facts of the case and the benefit of the reduced sentence derived from the responsive verdict, this | (icourt held that the maximum sentence was neither disproportionate to the severity of the young man’s offense nor shocking to the sense of justice. Id.
In State v. Harris, 11-626 (La.App. 5 Cir. 11/27/12), 106 So.3d 914, an 18-year-old first time offender, who accepted responsibility for his actions, was charged with two counts of second degree murder but was convicted of manslaughter and negligent homicide and received the maximum sentence of 40 years at hard labor for the manslaughter conviction and the maximum of five years at hard labor for the negligent homicide conviction, to run consecutively. In State v. Lanieu, 98-1260 (La.App. 1 Cir. 4/1/99), 734 So.2d 89, writ denied, 99-1259 (La.10/8/99), 750 So.2d 962, a 19-year-old first offender charged with second degree murder and convicted of manslaughter received the maximum 40-year sentence. In both cases, the appellate courts upheld them sentences.
*1039 Consideration of the nature of the defendant’s conduct requires review of more than just the conduct that formed the basis of- the charge. The defendant confirmed at his guilty plea that he fired a pistol into the crowd of gang members that had assembled for the fight.' There was no evidence that-he-was acting in" self-defense. His criminal conduct was more than just the shot he fired .that hit Landar-rius Long. He fired multiple shots, endangering multiple lives.
While his juvenile age and lack of prior criminal convictions are certainly factors to be considered in determining the appropriate sentence for this defendant' and this crime, they do not preclude consideration of the | .¿severe danger that-was created by his actions. He has already deceived leniency by being allowed to plead guilty to manslaughter.
Imposition of the maximum sentence of 40 years is not disproportionate to what this defendant did. The sentence does not shock the sense of justice. There is no showing that the trial court abused its discretion in sentencing this defendant to the maximum- sentence for this conduct.
DECREE
The defendant’s conviction and sentence aré AFFIRMED.

. The defendant was 17 on the date of the crime, lacked a significant criminal history, and wrote the court to express remorse for his actions.

. The defendant knowingly created a risk of death or great bodily harm to more than one person, fired a semiautomatic pistol into a large crowd of people, and had disciplinary problems in school, involving gang fights.

.Where the defendant’s motion to reconsider sentence alleges mere excessiveness of sentence, on appeal the reviewing court is limited to considering whether the sentence is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La.1993); State v. Boyd, 46,321 (La.App.2d Cir.9/21/11), 72 So.3d 952.
■Maximum sentences are generally reserved . for the worst offenses and offenders. State v. Taylor, 41,898 (La.App.2d Cir.4/4/07), 954 So.2d 804. However, in cases where the de *1038 fendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence for the pled offense. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. This is particularly true in cases where a significant reduction in potential exposure to confinement has been obtained through a plea bargain and the offense involves violence upon a victim. Id.
Constitutional review turns upon whether the sentence is illegal, is disproportionate to the severity of the offense or shocking to the sense of justice’. State v. Lobato, 603 So.2d 739 (La.1992); State v. Livingston, 39,390 (La.App.2d Cir.4/6/05), 899 So.2d 733; State v. White, 37,815 (La.App.2d Cir. 12/17/03), 862 So.2d 1123. Under constitutional review, a sentence can be excessive, even when it falls within statutory guidelines, if the punishment is so disproportionate to the severity of the crime that it shocks the sense of justice and serves no purpose other than to inflict pain and suffering. State v. Fatheree, 46,686 (La. App.2d Cir. 11/2/11), 77 So.3d 1047.
The trial court has wide discretion in imposing sentence within minimum and maximum limits allowed by the statute; therefore, a sentence will not be set aside as excessive unless the defendant shows the trial court abused its discretion. State v. Hardy, 39,233 (La.App.2d Cir. 1/26/05), 892 So.2d 710; State v. Young, 46,575 (La.App,2d Cir.9/21/11), 73 So.3d 473, writ denied, 2011-2304 (La.3/9/12), 84 So.3d 550. A trial trial court is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Zeigler, 42,661 (La.App.2d Cir. 10/24/07), 968 So.2d 875. The reviewing court does not determine whether another sentence would have been more appropriate, but whether the trial court abused its discretion. State v. Esque, 46,515 (La.App.2d Cir.9/21/11), 73 So.3d 1021, writ denied, 2011-2347 (La.3/9/12), 84 So.3d 551.