STEPHENS, J.
This criminal appeal by Troy Donell Gaines[1] arises from the Fourth Judicial District Court, Ouachita Parish, State of Louisiana. Following a jury trial, Gaines was convicted of manslaughter, in violation of La. R.S. 14:31, and subsequently adjudicated a second-felony habitual offender and sentenced to 50 years at hard labor without the benefit of probation, parole or suspension of sentence. Gaines filed a motion to reconsider sentence, which was denied by the trial court. On appeal, Gaines challenges the imposed habitual offender sentence, claiming it is excessive. For the following reasons, Gaines's sentence, as amended, is affirmed.
FACTS
On December 6, 2011, Chandrikia Green was found shot to death and barricaded in the closet of the apartment she shared with Gaines at Glenwood Townhomes in West Monroe, Louisiana. Gaines was subsequently arrested and charged by bill of indictment with second degree murder, in violation of La. R.S. 14:30.1. Following a jury trial, on March 27, 2017, Gaines was found guilty of the responsive verdict of manslaughter and subsequently sentenced to the maximum sentence of 40 years at hard labor. Gaines's conviction and sentence were affirmed in State v. Gaines , 51,985 (La. App. 2 Cir. 4/11/18), 247 So.3d 1061.[2] On June 6, 2017, the state filed a habitual offender bill of information based upon Gaines's manslaughter conviction and a prior simple burglary conviction on April 21, 2005, for which Gaines received a sentence of five years at hard labor, suspended, and five years' probation.[3]
*950 The habitual offender adjudication hearing began on June 29, 2018. The state presented testimony from Eddie Keyes, one of the Probation and Parole officers who had supervised Gaines in the past. Officer Keyes identified Gaines in open court and testified that Gaines was placed on probation for a period of five years on April 21, 2005, in Madison Parish docket number 106294, after receiving a five-year, hard labor sentence for simple burglary that was suspended. He further testified that Probation and Parole issued a warrant for Gaines's arrest on August 24, 2009, for absconding supervision. The warrant as well as the bill of information for the prior simple burglary conviction referenced by Ofc. Keyes were offered by the state and admitted into evidence. A certified copy of the court minutes of Gaines's guilty plea to simple burglary was also offered and admitted. The state had requested a Boykin transcript for Gaines's simple burglary plea, but it was not ready at the time of the hearing, so the trial court left the record open to allow the state to introduce additional information, and the matter was reset.
On July 25, 2018, the state resumed the habitual offender hearing and the Boykin transcript of the simple burglary charge was offered and admitted into evidence. The trial court subsequently adjudicated Gaines a second-felony offender, vacated the previous 40-year sentence for manslaughter, and sentenced Gaines as a second-felony offender to 50 years at hard labor without the benefit of parole, probation or suspension of sentence.
In a motion to reconsider sentence, Gaines asserted the trial court did not adequately consider that the jury's verdict was based upon evidence presented at trial that Chandrikia was having an affair and that provocation is a mitigating factor for sentencing. The trial court denied the motion to reconsider sentence without reasons. This appeal by Gaines ensued.
DISCUSSION
Gaines's sole assignment of error is that the sentence imposed on him as a second-felony offender is cruel and excessive. Specifically, Gaines argues that the trial court failed to consider mitigating factors during sentencing and, thus, the case should be remanded for resentencing. We disagree.
An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with art. 894.1. State v. Lanclos , 419 So.2d 475 (La. 1982) ; State v. DeBerry , 50,501 (La. App. 2 Cir. 4/13/16), 194 So.3d 657, writ denied , 2016-0959 (La. 5/1/17), 219 So.3d 332.
Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith , 2001-2574 (La. 1/14/03), 839 So.2d 1 ; State v. Dorthey , 623 So.2d 1276 (La. 1993) ; State v. Bonanno , 384 So.2d 355 (La. 1980) ; State v. DeBerry , supra . A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm *951 done to society, it shocks the sense of justice. State v. Weaver , 2001-0467 (La. 1/15/02), 805 So.2d 166 ; State v. DeBerry , supra .
In considering the nature of the offense, both the trial court and reviewing court may assess whether the crime for which the defendant has been convicted adequately describes his conduct when the conviction is for a lesser included responsive offense to the crime charged. State v. Lewis , 2009-1404 (La. 10/22/10), 48 So.3d 1073. The fact that the evidence might have supported a verdict of second degree murder is an appropriate sentencing consideration in a case where the defendant has been convicted of the lesser offense of manslaughter. State v. White , 48,788 (La. App. 2 Cir. 2/26/14), 136 So.3d 280, writ denied , 2014-0603 (La. 10/24/14), 151 So.3d 599.
The trial court is given wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed should not be set aside as excessive in the absence of a manifest abuse of its discretion. State v. Williams , 2003-3514 (La. 12/13/04), 893 So.2d 7 ; State v. Allen , 49,642 (La. App. 2 Cir. 2/26/15), 162 So.3d 519, writ denied , 2015-0608 (La. 1/25/16), 184 So.3d 1289.
The sentence mandated for a second-felony offender under the version of La. R.S. 15:529.1(A)(1) that was in effect at all times between Chandrikia Green's death and the filing of the habitual offender bill of information was:
If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction.
The offense of manslaughter is punishable by imprisonment at hard labor for not more than 40 years. La. R.S. 14:31.
Here, the trial court did not abuse its discretion in sentencing Gaines to 50 years at hard labor. The sentencing range within which the trial court was required to sentence Gaines as a second-felony offender was 20-80 years. Notably, this court has previously held Gaines's 40-year sentence on the manslaughter conviction was not excessive. See State v. Gaines , supra . The record in this case clearly provides an adequate factual basis for the trial court's decision to vacate the previously imposed 40-year sentence and resentence Gaines as a second-felony offender to the midrange sentence of 50 years at hard labor.
When sentencing Gaines on the manslaughter conviction, the trial court noted its review of the PSI report, Gaines's criminal history, and Gaines's statement to the court contained in the PSI in which he expressed remorse. The trial court further stated that Gaines's sentence was primarily based on the facts presented at trial, including evidence regarding Gaines's violent acts against the victim, and the nature of the offense. The trial court stated it believed the evidence presented was sufficient to convict Gaines of second degree murder, as there was no real evidence of provocation. In imposing the maximum sentence for manslaughter, the trial court pointed out that Gaines had benefited from the jury's decision to find him guilty of the lesser offense of manslaughter.
In affirming Gaines's sentence on the manslaughter, this court in State v. Gaines , 247 So.3d at 1066, made the following observation regarding the PSI in this case:
The PSI report provides additional information about defendant's criminal *952 history and the increasing volatility of his relationship with the victim. At the time of the instant offense, defendant was on probation for a simple burglary conviction. Also, on three occasions in 2011, the police were called to the Glenwood Townhomes in response to domestic disturbances between defendant and the victim. As a result of an incident on November 3, 2011, approximately one month before the murder, defendant was arrested for domestic abuse battery and ordered to have no contact with the victim. The reports include allegations that defendant struck the victim in the face, took her phone to prevent her from calling the police, chased her, destroyed property in their apartment, threatened her with a knife, and held a gun to her head. Further, there is information in the police report that before the shooting, defendant was likely stalking the victim by following her to her sister's house and work and watching her from an abandoned apartment in their complex. The victim's fears of defendant were real, and tragically, she was not able to get away from him before he ended her life.[4]
During Gaines's habitual offender sentencing, the trial court explained that the state had "ample reason" for seeking an enhanced penalty against Gaines based on the fact that "he stuck her in that closet and pushed a piece of furniture to close the closet so it wouldn't be discovered ... the fact that he beat her in the past and destroyed her apartment." Notably, the trial court did not specifically articulate which factors under La. C. Cr. P. art. 894.1 it regarded in imposing Gaines's sentence. However, considering the trial court also presided over Gaines's manslaughter trial and sentencing, it is reasonable to conclude the same factors regarded in that initial sentencing were also taken into consideration by the trial court in Gaines's subsequent sentencing as a second-felony offender.
Gaines asserts that the trial court failed to consider the mitigating factor of provocation. The record is clear, though, that during both Gaines's manslaughter and habitual offender sentencings, the trial court indicated it had considered the argument of provocation and that, based on the evidence presented at trial, it rejected that argument. Furthermore, this court has already held that the trial court properly concluded that Gaines's conduct constituted second degree murder and that the trial court's imposition of a 40-year sentence, the maximum sentence for manslaughter, was justified. The trial court's view of the evidence presented at trial and Gaines's conviction for the lesser offense of manslaughter were proper considerations for sentencing. Furthermore, the PSI, which the trial court stated it had reviewed, notably revealed the violence and harassment Gaines had inflicted on Chandrikia prior to shooting her, barricading her in a closet, and leaving her to die. Accordingly, we find there is clearly an adequate factual basis for the sentence imposed.
Likewise, considering that Gaines has deprived his children of their mother and Chandrikia Green of her life at the age of 21, coupled with the heinous facts of this case, the imposed 50-year sentence is not constitutionally excessive. Though Gaines's sentence likely amounts to a life sentence due to his age, the sentence imposed does not shock the sense of justice, nor is it *953 grossly disproportionate to the severity of the offense. This assignment of error is without merit.
Error Patent
Gaines's 50-year sentence was ordered by the trial court to be served without the benefit of probation, parole or suspension of sentence. Neither La. R.S. 15:529.1, nor R.S. 14:31, contains any restrictions on parole eligibility. Therefore, the inclusion of the restriction on parole renders Gaines's sentence illegal. Pursuant to La. C. Cr. P. art. 882(A), we amend Gaines's sentence to delete the denial of parole eligibility.
CONCLUSION
For the foregoing reasons, Troy Donnell Gaines's sentence is amended to delete the denial of parole eligibility and, as amended, is affirmed.
AFFIRMED AS AMENDED.

The record indicates appellant's true name is Troy Gaines, Jr.

The record of Gaines's appeal of his manslaughter conviction and sentence was attached as an exhibit to this appeal of his habitual offender sentence.

In accordance with the version of La. R.S. 15:529.1(C) in effect at the time, the state presented evidence that the 10-year cleansing period had not elapsed by establishing Gaines was convicted in 2005, sentenced to a five-year probationary term, a warrant for his arrest was issued in 2009 for probation violation, and the subsequent offense occurred in 2011, at which time Gaines's probation was still active.

Gaines also has a prior arrest from 1999, when he was 17 years old, for four counts of attempted first degree murder and aggravated arson. Although these charges were ultimately dismissed, Gaines admitted to investigators that he set the fire at the house of a man who he thought was "always picking on him."