Judgment rendered January 11, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,876-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

MARCUS DEWAYNE TAYLOR                       Appellant

* * * * *

Appealed from the
Forty-Second Judicial District Court for the
Parish of DeSoto, Louisiana
Trial Court No. 21-CR-31385

Honorable Nicholas E. Gasper, Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Sherry Watters

CHARLES B. ADAMS                       Counsel for Appellee
District Attorney

LEA R. HALL, JR.
ETHAN ARBUCKLE
Assistant District Attorneys

* * * * *

Before STONE, ROBINSON, and MARCOTTE, JJ.

**MARCOTTE, J.**

This appeal arises from the 42nd Judicial District Court, Parish of DeSoto, the Honorable Nicholas E. Gasper presiding. Defendant, Marcus Dewayne Taylor, pled guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), to indecent behavior with a juvenile under the age of 13, in violation of La. R.S. 14:81. Taylor was sentenced to 25 years at hard labor, with two years to be served without benefits. Taylor was also given credit for time served. Taylor now appeals his sentence as excessive and argues he was rendered ineffective assistance of counsel during his guilty plea and sentencing. For the following reasons, we affirm Taylor's conviction and sentence.

## FACTS

On February 9, 2021, Taylor was charged by bill of information with molestation of a juvenile under the age of 13, in violation of La. R.S. 14:81.2(A) and (D)(1). The act was committed on or about December 1, 2019, to December 6, 2020, against the victim, his daughter, C.T., who was born on February 11, 2010, and who was 9 or 10 years old at the time of the offense. Taylor was over the age of 17 at the time of the offense. He initially pled not guilty.

On October 25, 2021, Taylor withdrew his plea of not guilty and pled guilty pursuant to *North Carolina v. Alford, supra*, to the offense of indecent behavior with a juvenile under the age of 13, in violation of La. R.S. 14:81. Taylor was properly informed of the rights he was forgoing as required by *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). The following factual basis was provided for Taylor's guilty plea. The state said that on the dates alleged in the bill of information, a witness, Christina

Grace Zytkoskee, Taylor's girlfriend at the time, witnessed C.T. "bent over," and that both C.T. and Taylor had their "pants down." The state described Taylor's behavior as "full-blown sexual intercourse."

The state specified that C.T.'s date of birth is February 11, 2010. C.T. was interviewed at the Gingerbread House, where she discussed having sex with Taylor. When asked if those facts were accurate, defense counsel said that Taylor was not going to admit to the facts, but acknowledged that the evidence against him was strong, he was unwilling to risk a trial on more serious charges, and he believed it was in his best interest to plead guilty. Taylor affirmed that he had spoken with his counsel about his plea. Defense counsel affirmed that he had consulted with Taylor about his guilty plea, had discussed the state's offers with him, and was satisfied that he understood what was happening.

The trial court informed Taylor that the offense of indecent behavior with a juvenile under the age of 13 when the offender is 17 years of age or older is punishable by imprisonment at hard labor for not less than 2 years nor more than 25 years, with at least 2 years to be served without benefits. The trial court also informed Taylor that it was within its discretion what his sentence would be. The trial court told Taylor that if he committed another offense in the future, he could be billed as a habitual offender. Taylor stated that he understood and wished to give an *Alford* plea. The trial court ordered a presentence investigation report ("PSI"). Taylor was released with an ankle monitor in lieu of bond until his sentencing.

Taylor was ordered to have no contact with the victim or the victim's family. Taylor was told that he needed to register as a sex offender, and the transcript reflects that Taylor was given his written sex offender registration

notice.  However, a signed copy of his sex offender registration notice does not appear in the record.

On January 19, 2022, Taylor was present for his sentencing hearing. The trial court noted that it received Taylor's PSI, which was filed into the record.  The trial court restated the factual basis for his guilty plea.  The trial court added:

> An interview was conducted with Tyreke Odoms who observed C.T. smoking meth with her father, Mr. Taylor.  Mr. Odoms also stated that while at Mr. Taylor's residence Mr. Taylor and C.T. went in the bedroom alone and Taylor told Odoms to turn the radio up.  Odoms reported hearing the bed rocking and C.T. moaning.

The trial court then provided some information from Taylor's PSI. Taylor was born in 1987 and was raised primarily by his uncle and grandmother in Pelican, Louisiana.  Taylor had three children, and "forfeited the rights to two daughters who were adopted by another family."  Taylor was a church member, graduated from high school and attended some college.  In 2007 he was arrested on several counts of forgery and felony theft, which resulted in a felony conviction, and his probation in that matter was later revoked.  Taylor was arrested a second time in 2017, for issuing worthless checks, but he was never charged in that matter.  He was arrested again in 2017, in Center, Texas, for credit card abuse.  He pled guilty to that offense and was placed on probation.  At the time of his sentencing on the instant offense, Taylor had a warrant out for his arrest for probation revocation in Texas.

Taylor made a statement, in which he said that he did not do anything wrong, and that he did not do drugs with his daughter or hurt her.  The trial court recited the sentencing range for indecent behavior with a juvenile

3

when the juvenile is under that age of 13 and the offender is 17 or older. The trial court stated that it considered Taylor's PSI and the factors found in La. C. Cr. P. art 894.1. The court stated that given the seriousness of the offense, anything less than time in prison would deprecate the seriousness of the crime. The court stated that Taylor's behavior probably seriously affected C.T.'s life. The trial court said that Taylor's criminal history shows that he has a problem with probated sentences and being unable to complete those successfully.

The trial court sentenced Taylor to 25 years at hard labor with the first 2 years to be served without benefits; Taylor was given credit for time served. The trial court ordered that Taylor have no contact with C.T. or her maternal family members and signed a permanent protective order to that effect, pursuant to La. R.S. 46:2131, *et seq.* The trial court notified defendant of his post-conviction relief time limits. Taylor now appeals.

## DISCUSSION

Taylor assigns the following errors: 1) his sentence is excessive; and 2) he was rendered ineffective assistance of counsel.

### *Excessive Sentence*

Taylor argues his sentence is excessive given that he gave an *Alford* plea. Taylor states that his only conviction was 15 years earlier for a property crime. Taylor states that he had limited contact with C.T., who had never been to his house until her mother went to jail. Taylor continues to deny harming his daughter. Taylor states that the issue of whether his sentence is excessive was preserved for appeal, because he raised the issue in his timely-filed motion for an appeal. Should this court find that Taylor did not preserve the issue, he submits that his attorney was ineffective in his

4

representation. Taylor argues, "All cases of indecent behavior involve a juvenile and by definition will have a negative, lasting effect on the juvenile. That factor alone cannot support the imposition of the maximum sentence."

Taylor states that the legislature, in providing a sentencing range of 2 to 25 years for indecent behavior with juveniles, intended that the trial court exercise discretion in imposing sentences "graded according to the individualized circumstances of the offense and the offender, on a sliding, factor-variant spectrum." Taylor describes his offense of indecent behavior with a juvenile as a "relatively lesser violation" of La. R.S. 14:81, which merits less than the maximum sentence. Taylor states that his offense was a single incident and not an ongoing series of incidents. Taylors argues that the trial court was "so blinded" by the nature of the offense that it did not consider his background and compare his sentence to those imposed by other courts for similar crimes.

Taylor states that his criminal history did not warrant his sentence and he does not pose a threat to the public, and that his offense was an "intra-family matter." Taylor argues that his sentence is also excessive, because the trial court ordered a permanent restriction of contact with C.T.'s maternal family members, which is not included in La. R.S. 14:81(H)(2). Taylor states that he currently has no interest in contacting C.T. or her maternal relatives, but in years to come, contact may be necessary to exchange family/health history and estate information.

The state contends that Taylor had sexual intercourse with his daughter, who was under the age of 13 at the time of the crime. The state says, "The lifetime of trauma and problems he has created for the victim are of the utmost seriousness." The state argues that Taylor's pattern of crimes

show that his behavior is getting worse, with the last being "detrimentally worse." The state claims that Taylor has made no showing that his claim of excessiveness merits consideration by this court. The state submits that the trial court did not abuse its discretion in sentencing Taylor and asks that Taylor's conviction and sentence be affirmed.

When a defendant fails to file a timely motion to reconsider sentence, the appellate court's review of a sentencing claim is limited to the bare claim that the sentence is constitutionally excessive. *State v. Mims*, 619 So. 2d 1059 (La. 1993); *State v. Jackson*, 52,606 (La. App. 2 Cir. 4/10/19), 268 So. 3d 1217, *writ denied*, 19-00699 (La. 10/15/19), 280 So. 3d 560, and *writ denied*, 19-00797 (La. 1/28/20), 291 So. 3d 1056.

A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Jackson, supra*. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. Jackson, supra*.

Maximum sentences are generally reserved for the worst offenses and offenders. *State v. Ross*, 50,231 (La. App. 2 Cir. 11/18/15), 182 So. 3d 1035. However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence for the pled offense. *Id.*

Whoever commits the crime of indecent behavior with juveniles on a victim under the age of 13 when the offender is 17 years of age or older, shall be punished by imprisonment at hard labor for not less than 2 nor more than 25 years. At least two years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.  La. R.S. 14:81(H)(2).  Applicable to this case, La. R.S. 14:81(A)(1) describes the conduct required to sustain a conviction for indecent behavior with a juvenile as, "Any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons."

Taylor received an enormous benefit by giving an *Alford* plea to indecent behavior with a juvenile under the age of 13.  Taylor was initially charged with molestation of a juvenile under the age of 13, which carries a sentencing range of 25 to 99 years, with at least 25 years to be served without benefits.  In contrast, Taylor was sentenced to 25 years with only 2 years to be served without benefits, which this court points out, is not the maximum sentence, given that the trial court could have sentenced Taylor to serve the entire 25 years of his sentence without benefits.

Taylor had sexual intercourse with his daughter, who was 9 or 10 years old at the time.  Taylor's girlfriend witnessed the crime, and C.T. discussed having sexual intercourse with her father in her Gingerbread House interview.  It is not Taylor's sentence that shocks this court's sense of justice, but rather Taylor's treatment of his daughter.  C.T. will carry with her the burden of her father's morally repugnant behavior for the rest of her life.  It was also within the trial court's discretion to enter a permanent

7

protective order against C.T. and her maternal family under La. R.S. 46:2131, *et seq.* This assignment of error lacks merit.

### *Ineffective Assistance of Counsel*

Taylor also argues his counsel was ineffective in allowing him to enter an *Alford* plea without any agreement as to sentencing and in not providing any mitigating evidence at his sentencing hearing. Taylor also claims his counsel was ineffective in failing to object to his sentence and failing to file a motion to reconsider sentence. Taylor states that the record is sufficient to determine that his trial counsel provided ineffective assistance. Taylor asks that his sentence be vacated and his case remanded for resentencing.

The state does not address Taylor's claims of ineffective assistance of counsel.

As a general rule, a claim of ineffective assistance of counsel is more properly raised in an application for post-conviction relief in the trial court than by appeal. This is because post-conviction relief creates the opportunity for a full evidentiary hearing. However, when the record is sufficient, an appellate court may resolve this issue on direct appeal in the interest of judicial economy. *State v. Jackson, supra*; *State v. Nixon*, 51,319 (La. App. 2 Cir. 5/19/17), 222 So. 3d 123, *writ denied*, 17-0966 (La. 4/27/18), 239 So. 3d 836.

Because Taylor makes claims that his counsel was ineffective in allowing him to plead without any agreement as to sentencing and in not providing any mitigating evidence at his sentencing hearing, this court finds that the record is insufficient to adequately examine Taylor's claims of ineffective assistance of counsel regarding his guilty plea and sentencing.

8

Therefore, Taylor's ineffective assistance claims are more properly raised by a timely-filed application for post-conviction relief filed in the trial court.

## CONCLUSION

For the foregoing reasons, defendant's conviction and sentence are affirmed.

**AFFIRMED.**