Judgment rendered July 16, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,312-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Plaintiff-Appellee

versus

DONTREAL D. YORK                          Defendant-Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 400,455

Honorable Donald Edgar Hathaway, Jr., Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for
By: Annette Fuller Roach                      Defendant-Appellant

JAMES EDWARD STEWART, SR.            Counsel for
District Attorney                              Plaintiff-Appellee

JASON WAYNE WALTMAN
REBECCA ARMAND EDWARDS
Assistant District Attorneys

* * * * *

Before PITMAN, STONE, and HUNTER, JJ.

**HUNTER, J.**

Defendant was charged by bill of information with manslaughter, in violation of La. R.S. 14:31, and armed robbery, in violation of La. R.S. 14:64. Defendant entered a plea of guilty to both charges, with no agreement as to sentencing. The trial court sentenced defendant to serve 40 years at hard labor, without the benefit of probation, parole, or suspension of sentence, for the manslaughter conviction, and to 25 years at hard labor, without the benefit of probation, parole, or suspension of sentence, for the armed robbery conviction. The sentences were ordered to be served consecutively. For the following reasons, we affirm.

## FACTS

On January 19, 2021, defendant, Dontreal D. York, and Tremarcus McKenney negotiated the purchase and/or trade of firearms with Nicholas Toms and Jacob Decamp. The negotiations took place over a social media application, and the parties agreed to complete the transaction at Toms's residence on Lindholm Street in Caddo Parish. Unbeknownst to Toms and Decamp, if the transaction fell through, defendant and McKenney planned to rob the occupants of the residence. When defendant and McKenney arrived at the residence, they robbed and shot Toms and Decamp. Toms died due to his injuries. Decamp survived and was able to identify defendant as the person who shot and killed Toms. A neighbor, Wendy Culbert, also identified defendant as the shooter.

Defendant was initially charged with second degree murder and attempted second degree murder.[1] However, pursuant to a plea deal, he was charged by superseding bill of information with manslaughter, in violation of La. R.S. 14:31, and armed robbery, in violation of La. R.S. 14:64. Defendant pled guilty to both charges, with no agreement as to sentencing.

The trial court sentenced defendant to serve the maximum sentence for the manslaughter conviction, 40 years at hard labor, without the benefit of probation, parole, or suspension of sentence, and to 25 years at hard labor, without the benefit of probation, parole, or suspension of sentence, for the armed robbery conviction. The sentences were ordered to be served consecutively. The court did not articulate any reasons for imposing concurrent sentences. Subsequently, the trial court denied defendant's motion to reconsider the sentences.

Defendant appeals.

**DISCUSSION**

Defendant contends the consecutive sentences imposed, 40 and 25 years (totaling 65 years) at hard labor, without the benefit of probation, parole, or suspension of sentence, are constitutionally excessive. Defendant argues the trial court failed to fully consider his family history, his youthfulness, employment, and educational endeavors.

The law concerning excessive sentences is well-settled; claims are reviewed by examining whether the trial court adequately considered the guidelines established in La. C. Cr. P. art. 894.1, and whether the sentence is

---

[1] The bill of information was amended under a new trial court docket number. The original bill and proceedings under the original docket number were not included in the appellate record.

constitutionally excessive. *State v. Vanhorn*, 52,583 (La. App. 2 Cir. 4/10/19), 268 So. 3d 357, *writ denied*, 19-00745 (La. 11/19/19), 282 So. 3d 1065. A review of the sentencing guidelines does not require a listing of every aggravating or mitigating circumstance. *Id*. The goal of La. C. Cr. P. art. 894.1 is to articulate an adequate factual basis for the sentence, not to achieve rigid or mechanical compliance with its provisions. *State v. Lanclos*, 419 So. 2d 475 (La. 1982); *State v. West*, 53,526 (La. App. 2 Cir. 6/24/20), 297 So. 3d 1081. There is no requirement that any specific factor be given any particular weight at sentencing. *State v. Taves*, 03-0518 (La. 12/3/03), 861 So. 2d 144.

A sentence violates La. Const. art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Efferson*, 52,306 (La. App. 2 Cir. 11/14/18), 259 So. 3d 1153, *writ denied*, 18-2052 (La. 4/15/19), 267 So. 3d 1131. To constitute an excessive sentence, a reviewing court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock the sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and, therefore, is nothing more than the needless imposition of pain and suffering. *State v. Griffin*, 14-1214 (La. 10/14/15), 180 So. 3d 1262; *State v. Efferson*, *supra*.

The trial court has wide discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. *State v. Trotter*, 54,496 (La. App. 2 Cir. 6/29/22), 342 So. 3d 1116; *State v. Efferson*, *supra*. Generally, maximum or near-maximum sentences are reserved for the worst offenders and the worst offenses. *State v. Cozzetto*, 07-2031 (La.

2/15/08), 974 So. 2d 665. On review, an appellate court does not determine whether another sentence may have been more appropriate but whether the trial court abused its discretion. *Id*.; *State v. McKeever*, 55,260 (La. App. 2 Cir. 9/27/23), 371 So. 3d 1156, *writ denied*, 23-01429 (La. 4/16/24), 383 So. 3d 149.

The penalty for the crime of manslaughter is imprisonment for not more than 40 years. La. R.S. 14:31(B). The sentencing range for armed robbery is 10-99 years at hard labor, without the benefit of parole, probation, or suspension of sentence.

At defendant's sentencing hearing, the trial court heard victim impact statements from Tina Toms, Toms's mother, Darcy Piazza, Toms's friend, and Decamp, the surviving victim. Tina Toms stated that her son's murder "destroyed" her family. She also asserted she lost her home after her son was killed, and her other son attempted suicide twice "because he wants to be with his brother because he wasn't there to help him when this happened."

Piazza stated she had known Toms for many years, and he lived with her and her husband between the ages of 14 and 17, and "off and on for the rest of his adulthood." She described Toms's life and personality, and explained he was a "beloved son, brother, nephew, uncle, and friend who was stolen from us way too young at the age of 23." She also described the grief she has experienced because of Toms's death. Piazza pleaded for a "harsh and just sentence" for defendant, stating, "[N]o sentence you could give Mr. York could bring Nicholas back or make this better on us[.]"

Decamp, who was 23 years old when he was shot, stated he was shot four times, once in the face, and he "can't do nothing no more." He

explained that the shooting has deprived him "of so much peace," and he has trouble sleeping. Decamp also described Toms as his best friend, and he expressed difficulty understanding how he survived, and Toms did not. He detailed his grief and his ongoing struggle to cope with the emotional, mental, and physical disabilities caused by the incident. Decamp further explained that two bullets remain in his body, one of which is pressed against his ribcage. He also described how he has difficulty obtaining employment because of "liability concerns" due to the location of the bullets in his body.

Speaking on defendant's behalf, defense counsel requested leniency. He emphasized defendant's lack of a prior criminal history, his gainful employment, and the fact that he accepted responsibility for his actions.

Prior to imposing the sentences, the trial court reviewed the presentence investigation report and stated it had considered the factors set forth in La. C. Cr. P. art. 894.1. The court noted defendant's actions created a risk of death or bodily harm to more than one person, the offenses involved the use of a dangerous weapon, defendant used threats or actual violence, defendant discharged a weapon, and the crimes resulted in significant permanent injury or permanent loss. As a mitigating factor, the court observed defendant did not have a criminal history, stating defendant led a "law-abiding life" before committing the instant offenses. The court also noted defendant was originally charged with second degree murder and attempted second degree murder, and he "benefited greatly from the plea."

Our analysis regarding whether the sentences imposed are disproportionate to the crimes is guided by the gravity of the offense and culpability of the offender. In considering the nature of the offenses, both

5

the trial court and the reviewing court may assess whether the crimes for which defendant has been convicted adequately describe his conduct when the convictions are for a lesser included responsive offense to the crimes charged. The fact that the evidence might have supported a verdict of second-degree murder is an appropriate sentencing consideration in a case such as this one in which the defendant has been convicted of the lesser offense of manslaughter. *State v. Harris*, 11-626 (La. App. 5 Cir. 11/27/12), 105 So. 3d 914.

Defendant readily admitted he and Tremarcus McKenney went to the Toms's home, armed with firearms, with the intention of committing a robbery. Once they entered the residence, defendant and McKenney essentially ambushed Toms and Decamp, shooting both victims in the face at close range. Toms died, and Decamp was severely injured, permanently disfigured, and he experiences ongoing physical and emotional struggles. Remarkably, Decamp managed to survive, despite being shot four times. This evidence supports a specific intent to kill the victims. Thus, an examination of the facts in this case demonstrates that defendant benefited greatly by pleading guilty to manslaughter and armed robbery.

As to the mitigating factors, we note that defendant was a youthful, first-felony offender, and he was gainfully employed when he committed the offenses. The trial court acknowledged these factors and articulated the factual basis for the sentences imposed and sufficiently complied with La. C. Cr. P. art. 894.1. The court specifically noted defendant's actions created a risk of death or great bodily harm to more than one person, defendant used a dangerous weapon and actual violence in the commission of the offenses,

6

and the offenses resulted in a significant permanent injury or a significant permanent loss to the victims and their families.

Louisiana courts have upheld maximum or near-maximum sentences for first offenders convicted of manslaughter on numerous occasions. Our courts have noted, "[I]n the context of a maximum-sentence analysis for manslaughter, where the evidence would otherwise support a murder conviction, Defendant can be considered 'the worst type of offender.'" *State v. Hawkes*, 23-234 (La. App. 3 Cir. 12/6/23), 375 So. 3d 1063, 1072, *writ denied*, 23-01655 (La. 5/21/24), 385 So. 3d 243, and *writ denied*, 24-00069 (La. 5/21/24), 385 So. 3d 244, *reconsideration not cons.*, 24-00069 (La. 9/17/24), 392 So. 3d 636, *quoting*, *State v. Ayala*, 17-1041 (La. App. 3 Cir. 4/18/18), 243 So. 3d 681, 687-88. *See also*, *State v. Little*, 52,131 (La. App. 2 Cir. 8/15/18), 252 So. 3d 1038, *writ denied*, 18-1582 (La. 3/25/19), 267 So. 3d 594; *State v. Ross*, 50,231 (La. App. 2 Cir. 11/18/15), 182 So. 3d 1035; *State v. White*, 48,788 (La. App. 2 Cir. 2/26/14), 136 So. 3d 280, *writ denied*, 14-0603 (La. 10/24/14), 151 So. 3d 599; *State v. Ponthieux*, 20-317 (La. App. 3 Cir. 5/5/21), 319 So. 3d 460, *writ not cons.*, 21-00842 (La. 11/3/21), 326 So. 3d 889; *State v. Angelle*, 13-508 (La. App. 3 Cir. 11/6/13), 124 So. 3d 1247, *writ denied*, 13-2845 (La. 5/23/14), 140 So. 3d 724, and *writ denied*, 13-2892 (La. 8/25/14), 147 So. 3d 693; *State v. Hebert*, 12-228 (La. App. 3 Cir. 6/13/12), 94 So. 3d 916.

Consequently, based on the record and the totality of the circumstances of this case, the sentences imposed are neither grossly disproportionate to the severity of the offenses of conviction, nor are they shocking to the sense of justice. This assignment lacks merit.

Defendant also contends the trial court erred in imposing consecutive sentences. He maintains concurrent sentences should have been imposed because the offenses were based on the same act or transaction or constituted parts of a common scheme or plan. Moreover, the court failed to set forth the reasons for ordering the sentences to run consecutively.

When two or more convictions arise from the same act or transaction, or constitute parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. La. C. Cr. P. art. 883. It is within the court's discretion to make sentences consecutive rather than concurrent. *State v. Dunams*, 55,443 (La. App. 2 Cir. 1/10/24), 379 So. 3d 251, *writ denied*, 24-00205 (La. 9/17/24), 392 So. 3d 632; *State v. Robinson*, 49,677 (La. App. 2 Cir. 4/15/15), 163 So. 3d 829, *writ denied*, 15-0924 (La. 4/15/16), 191 So. 3d 1034; *State v. Dale*, 53,736 (La. App. 2 Cir. 1/13/21), 309 So. 3d 1031. Concurrent sentences arising out of a single course of conduct are not mandatory, and consecutive sentences under those circumstances are not necessarily excessive. *State v. Dunams*, *supra*; *State v. Hebert*, 50,163 (La. App. 2 Cir. 11/18/15), 181 So. 3d 795.

When consecutive sentences are imposed, the court shall state the factors considered and its reasons for the consecutive terms. *State v. Dunams*, *supra*; *State v. Wing*, 51,857 (La. App. 2 Cir. 2/28/18), 246 So. 3d 711. However, the failure to articulate specific reasons for consecutive sentences does not require remand if the record provides an adequate factual basis to support consecutive sentences. *State v. Kennon*, 50,511 (La. App. 2 Cir. 4/13/16), 194 So. 3d 661, *writ denied*, 16-0947 (La. 5/19/17), 220 So. 3d 747.

In the instant case, the record reflects the offenses committed constituted parts of a common scheme or plan. Defendant admitted to going to Toms's home to trade and/or purchase weapons; and prior to entering the residence, he and McKenney agreed that they would rob the victims if the negotiations to purchase/trade failed. Once they were unable to negotiate, defendant shot Toms in the face, which resulted in this death, and Decamp was shot multiple times. The planned robbery and killing occurred at the same time and the same location, and defendant's actions resulted in distinct and significant losses to two different victims and families. Given the facts of this case, we cannot say the trial court erred in imposing consecutive sentences.

## CONCLUSION

For the foregoing reasons, defendant's convictions and sentences are affirmed.

**AFFIRMED.**